U.S. DISTRICT COURT – N.D. OF N.Y.

**FILED**

**Jan 20 - 2026**

John M. Domurad, Clerk

EMERGENCY COMPLAINT FOR JUDICIAL REVIEW

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ROGELIO CRUZ JR.,
Plaintiff, Pro Se,

5:26-cv-90 (ECC/TWD)

v.

UNITED STATES DEPARTMENT OF AGRICULTURE;
FARM SERVICE AGENCY;
OFFICE OF THE ASSISTANT SECRETARY FOR CIVIL RIGHTS (OASCR);
ROEL GARZA (Farm Loan Chief), individually and in official capacity;
JUSTIN CAMPBELL (Farm Loan Program Analyst), individually and in official capacity;
JIM LLOYD (Farm Loan Officer), individually and in official capacity;
PARKER THURMAN (Farm Loan Specialist), individually and in official capacity;
CRAIG ENGELMANN (County Director), individually and in official capacity;
ASHLEY SIMS (USDA/FPAC/FSA), individually and in official capacity;
VIVIAN HUTSON (Executive Director, CCRE), individually and in official capacity;
Defendants.

---

Case No.: [TO BE ASSIGNED]

---

EMERGENCY COMPLAINT FOR:
(1) VIOLATIONS OF THE REHABILITATION ACT § 504 (29 U.S.C. § 794)
(2) VIOLATIONS OF THE ADMINISTRATIVE PROCEDURE ACT (5 U.S.C. § 706)
(3) VIOLATIONS OF EQUAL CREDIT OPPORTUNITY ACT (15 U.S.C. § 1691)
(4) DENIAL OF DUE PROCESS (FIFTH AMENDMENT)
(5) DENIAL OF EQUAL PROTECTION (FIFTH AMENDMENT)
(6) RETALIATION FOR PROTECTED CIVIL RIGHTS ACTIVITY
(7) ARBITRARY AND CAPRICIOUS AGENCY ACTION
(8) INSTITUTIONAL POLICY OF CONSTITUTIONAL VIOLATION (BIVENS)

WITH DEMAND FOR:

EMERGENCY PRELIMINARY INJUNCTION
90-DAY STAY OF ALL ADVERSE ACTIONS
TOLLING OF ALL DISASTER DEADLINES
EXPEDITED SERVICE
JURY TRIAL

---

## I. NATURE OF THE ACTION

This is an emergency action to remedy the systematic extinguishment of federally guaranteed priority access to disaster relief programs through procedural weaponization, retaliatory withdrawal of completed loan applications, and institutional ghosting of a 100% Permanently and Totally Disabled Marine Corps veteran during federally declared disaster periods.

USDA withdrew over $400,000 in disaster relief loan applications one business day after Plaintiff filed a civil rights complaint.

USDA labeled complete files "incomplete," demanded impossible IRS amendments instead of accepting farm production records, and ran the FEMA disaster clock through attrition rather than adjudication—denying due process, equal protection, and statutory priority access while the farm collapses, livestock die, and infrastructure fails.

Then OASCR accepted the civil rights complaint for investigation (Case No. 2025-07-00017255) on December 19, 2025—but the loan remains withdrawn, the money remains gone, and the farm continues collapsing while they "investigate" the retaliation they're still perpetuating.

This is institutional gaslighting weaponized as process.

---

## II. EMERGENCY POSTURE — IRREPARABLE HARM OCCURRING NOW

### A. Financial Devastation In Progress

Bank Account: -$496.06 (Exhibit: "minus_in_personal_account.pdf")

Plaintiff is negative in his personal checking account while USDA sits on $400,000+ in withdrawn disaster relief applications for 149 days (August 19, 2025 → January 20, 2026).

Navy Federal Credit Union: $53,807.40 debt, termination proceeding initiated after accommodation denial

American Express: Account restrictions imposed after two accommodation denials, 158 days of silence

Farm Operations: Livestock lost to flooding, infrastructure failing, no resources for feed, repairs, or basic operations

This is not theoretical harm. This is financial asphyxiation in real time.

B. The FEMA Disaster Clock Is Running

FEMA DR-4781 (Burnet County): Declared July 2025
FEMA DR-4879 (Lampasas County): Declared July 2025

USDA withdrew Plaintiff's disaster relief applications during active FEMA disaster declarations and has refused substantive adjudication for nearly five months.

Every day of delay:

Shortens remaining disaster relief eligibility windows

Compounds financial harm

Accelerates farm collapse

Reduces recovery viability

USDA is running out the clock. That is the strategy.

C. Civil Rights Investigation = Institutional Delay Tactic

December 19, 2025: OASCR accepts complaint for investigation (Case 2025-07-00017255)

Accepted Claims:

1. Whether FSA discriminated based on disability and retaliation when they denied loan application in March 2025

2. Whether FSA discriminated when they failed to acknowledge document submissions or provide status updates after July 16, 2025

What OASCR Did NOT Do:

Restore the withdrawn loan applications

Provide interim relief

Order substantive adjudication

Stop the ongoing retaliation

Toll disaster deadlines

OASCR's "investigation" preserves the harm while documenting it.

They accepted jurisdiction over retaliation claims while the retaliation continues unabated.

That is not remedy. That is institutional cover.

D. Discovery Will Reveal Coordinated Institutional Obstruction

Plaintiff has documented:

Identical obstruction scripts across USDA, American Express, Navy Federal, Frost Bank, federal courts (WDTX, DDC)

Temporal clustering of adverse actions following ADA assertions

Email blocks during court deadlines (WDTX, January 6-8, 2026)

Template-based denials surviving administration changes (DDC April 2023 template used December 2025)

Systematic ghosting after written accommodation requests across five institutions in four months

Discovery will show:

Internal USDA communications regarding loan withdrawal decision

Coordination with OASCR on "investigation" timing

Training materials teaching obstruction-by-process

Email server logs showing deliberate blocks

Institutional policies requiring phone contact despite ADA notices

What's visible now is bad enough. What's hidden will be worse.

---

III. JURISDICTION AND VENUE

Federal Question Jurisdiction: 28 U.S.C. § 1331 (federal constitutional and statutory claims)

Civil Rights Jurisdiction: 28 U.S.C. § 1343 (Rehabilitation Act, ADA, § 1983, Bivens)

Rehabilitation Act Jurisdiction: 29 U.S.C. § 794a (private right of action against federal agencies)

APA Jurisdiction: 5 U.S.C. § 702 (right to judicial review of agency action)

Venue: 28 U.S.C. § 1391(e) — Action against federal officers and agencies; venue proper in any district where:

Plaintiff resides (Northern District of New York — Plaintiff currently displaced to NDNY jurisdiction due to ongoing disaster conditions and institutional obstruction in Texas)

A substantial part of events occurred (USDA headquarters in D.C., but actions affected Plaintiff nationwide)

Defendant agency operates (USDA operates in all districts)

Amount in Controversy: Exceeds $400,000 in withdrawn disaster relief, plus farm operation losses, emotional distress, punitive damages against individual defendants

---

IV. PARTIES

A. PLAINTIFF

Rogelio Cruz Jr. is:

100% Permanently & Totally Disabled United States Marine Corps Veteran (2017-2022, MOS 2847 Ground Electronics Maintenance, Honorable Discharge)

Service-connected PTSD substantially limiting communication (phone contact triggers dissociative episodes), mobility (in-person government interactions trigger hypervigilance), and executive function

Minority

USDA-registered beginning farmer (≤10 years operation) entitled to statutory priority

Service-Disabled Veteran-Owned Small Business operator (Can-A-Bunny Farm LLC, AAA Canna Consulting LLC)

FEMA disaster zone resident (DR-4781 Burnet County, DR-4879 Lampasas County)

Operating 6.3-acre regenerative agriculture operation with 80+ livestock, hemp cultivation targeting 1000+ pounds annually, integrated pond systems, solar infrastructure

Invested $200,000+ in on-farm infrastructure before USDA withdrew disaster relief during active disasters

B. FEDERAL AGENCY DEFENDANTS

United States Department of Agriculture and Farm Service Agency are federal agencies administering:

Disaster relief loans

Beginning farmer programs with statutory priority (7 U.S.C. § 2003; 1990 Farm Bill § 2501)

Service-disabled veteran priority access (FAR 19.1406; Executive Order 13985)

Subject to Rehabilitation Act § 504 as federal agencies

Subject to APA judicial review (5 U.S.C. § 706)

Office of the Assistant Secretary for Civil Rights (OASCR) is the USDA component responsible for:

Processing discrimination complaints

Investigating retaliation claims

Providing interim relief during investigations

Currently "investigating" Plaintiff's complaint (Case 2025-07-00017255) while failing to remedy ongoing harm

C. INDIVIDUAL DEFENDANTS — FSA LOAN PERSONNEL

Roel Garza (Farm Loan Chief, FPAC-FSA Texas):

Signed "Second Notice of Incomplete Application" dated August 1, 2025

Falsely labeled Plaintiff's complete loan application "incomplete"

Withdrew $400,000+ disaster loan applications one day after civil rights complaint filed

Denied due process through obstruction rather than adjudication

Violated statutory priority for beginning farmers and service-disabled veterans

Sued individually under Bivens for constitutional violations and in official capacity for injunctive relief

Justin Campbell (Farm Loan Program Analyst, FPAC-FSA):

Requested and received additional information from Plaintiff

Participated in false "incomplete" determination

Ghosted Plaintiff's completed submissions

Coordinated loan withdrawal

Sued individually under Bivens and in official capacity

Jim Lloyd (Farm Loan Officer, FPAC-FSA Texas):

Copied on loan correspondence

Participated in obstruction pattern

Failed to process completed applications

Sued individually under Bivens and in official capacity

Parker Thurman (Farm Loan Specialist, FPAC-FSA Texas):

Involved in loan application processing

Participated in false "incomplete" labeling

Executed withdrawal without adjudication

Sued individually under Bivens and in official capacity

Craig Engelmann (County Director, FPAC-FSA):

Confirmed routing of Plaintiff's applications

Had supervisory authority over loan processing

Failed to prevent retaliatory withdrawal

Allowed systematic obstruction of beginning farmer/SDA veteran priority access

Sued individually under Bivens and in official capacity

D. INDIVIDUAL DEFENDANTS — ACCOMMODATION DENIALS & OASCR

Ashley Sims (USDA/FPAC/FSA):

Involved in accommodation denials

Participated in institutional pattern of requiring phone contact after written ADA notices

Contributed to systematic ghosting of email-only accommodation requests

Sued individually under Bivens and in official capacity

Vivian Hutson (Executive Director, Center for Civil Rights Enforcement, OASCR):

Signed December 19, 2025 acceptance letter for Plaintiff's civil rights complaint

Has authority to order interim relief during investigation

Failed to restore withdrawn loan applications despite accepting retaliation claim

Failed to toll disaster deadlines despite accepting disability discrimination claim

Allowed ongoing harm to continue while "investigating" that same harm

OASCR acceptance letter warns: "if you file in Federal Court, USDA may no longer be able to process your administrative complaint" — threatening exhaustion requirements to discourage judicial review

Sued individually under Bivens for deliberate indifference and in official capacity for injunctive relief

---

V. FACTUAL ALLEGATIONS

A. Plaintiff's Protected Status & Statutory Priorities

1. Plaintiff is qualified individual with disability under Rehabilitation Act § 504 and ADA.

2. Service-connected PTSD from active duty USMC service (2017-2022) substantially limits:

Communication: Phone contact triggers dissociative episodes, anxiety attacks, inability to process verbal information in real-time; email allows processing at manageable pace without re-traumatization

Mobility: In-person appearances at government offices trigger hypervigilance, panic responses related to institutional authority figures

Executive function: Complex multi-step procedures (phone-based enrollment systems, simultaneous verbal processing) exceed cognitive capacity during PTSD episodes

3. Plaintiff holds every statutory protection Congress designed to ensure veterans receive priority access:

USDA-registered beginning farmer (≤10 years operation) — 7 U.S.C. § 2003

Service-Disabled Veteran-Owned Small Business — FAR 19.1406

Socially disadvantaged farmer (minority) — 1990 Farm Bill § 2501

FEMA disaster survivor — DR-4781, DR-4879

100% P&T disabled veteran — entitled to accommodation under Rehabilitation Act § 504

4. Congress mandated priority access for beginning farmers and service-disabled veterans in USDA programs. Executive Order 13985 reinforced equity mandates for underserved communities.

5. Yet Plaintiff—holding maximum statutory priority—received systematic obstruction instead of priority processing.

B. The Loan Applications Were Complete

6. July-August 2025: Plaintiff submitted complete USDA/FSA disaster relief loan applications:

FSA-2001 (Request for Direct Loan Assistance)

FSA-2002 (Farm & Home Plan)

FSA-2003 (Certification of Status)

FSA-2306 (Agreement for Use of Proceeds)

FSA-2309 (Farm Storage Facility Loan)

FSA-2310 (Status Certification)

AD-1026 (Highly Erodible Land Conservation and Wetland Conservation Certification)

Supplemental crop data

Farm business plans

Contracts

Financial projections

7. Craig Engelmann (County Director) confirmed routing.

8. Justin Campbell (Farm Loan Program Analyst) requested additional information — Plaintiff provided it.

9. Jim Lloyd (Farm Loan Officer) was copied on correspondence.

10. Loan amount requested: $400,000+ for farm infrastructure replacement, livestock, disaster recovery, operational expansion following FEMA-declared storms and flooding.

11. Plaintiff holds statutory priority as beginning farmer and service-disabled veteran — applications should have been expedited, not obstructed.

C. The ADA Accommodation Requests & Civil Rights Complaint

12. July-August 2025: Plaintiff filed ADA accommodation requests with USDA, requesting email-only communication due to service-connected PTSD.

13. USDA personnel demanded phone contact, ignored accommodation requests, ghosted email communications.

14. August 18, 2025 (evening): Plaintiff filed formal civil rights complaint with USDA documenting:

Accommodation denials

Procedural barriers

Systematic exclusion

Ghosting after written ADA notices

Pattern of "phone-only" demands after disability disclosure

D. The One-Day Retaliation — August 19, 2025

15. August 19, 2025 (one business day after civil rights complaint filed): USDA/FSA withdrew entire loan application.

16. Roel Garza (Farm Loan Chief) signed "Second Notice of Incomplete Application" dated August 1, 2025 (Exhibit: FSA-2305).

17. The notice falsely claimed:

"Your application for Farm Service Agency loan assistance is still incomplete"

Cash flow projection "incomplete" despite submission

Application "specified individual applicant Rogelio Cruz Jr." but FSA demanded clarification distinguishing individual from business entities

This is retaliatory sophistry: Plaintiff operates as individual farmer AND through business entities (standard practice for beginning farmers with multiple operational structures)

18. The notice threatened: "If you do not submit this information by Monday, August 18, 2025 your application will be withdrawn."

19. Plaintiff filed civil rights complaint evening of August 18, 2025.

20. USDA withdrew application August 19, 2025 — < 24 hours after protected activity.

21. No adjudication. No explanation. No appeal rights provided.

22. Complete file labeled "incomplete" despite documented submission of all required forms.

23. Plaintiff received ZERO DOLLARS from $400,000+ disaster relief program for which statutorily entitled to PRIORITY ACCESS as beginning farmer and service-disabled veteran.

24. Temporal proximity establishes prima facie retaliation under Burlington Northern & Santa Fe Ry. v. White, 548 U.S. 53 (2006): civil rights complaint filed evening of August 18 → loan withdrawn morning of August 19 → < 24 hours = adverse action causally connected to protected activity.

E. The Systematic Ghosting Continues — July 16, 2025 to Present

25. On and after July 16, 2025: USDA failed to acknowledge Plaintiff's document submissions or provide status updates regarding completed loan applications.

26. USDA ghosted Plaintiff's completed applications, refusing to:

Confirm receipt

Provide substantive review

Issue compliant denial letters

Offer appeal rights

Render adjudication of any kind

27. Instead, USDA executed "denial by attrition": running down the FEMA disaster clock through obstruction rather than adjudication.

28. This pattern continued for 149 days (August 19, 2025 → January 20, 2026) and counting.

F. OASCR Accepts Complaint But Provides No Relief — December 19, 2025

29. December 19, 2025: OASCR (Vivian Hutson, Executive Director, CCRE) issued acceptance letter for Plaintiff's civil rights complaint.

30. USDA Complaint Number: 2025-07-00017255

31. Accepted Claims:

Whether FSA discriminated based on disability and retaliation when loan application denied March 2025

Whether FSA discriminated when they failed to acknowledge document submissions or provide status updates after July 16, 2025

32. OASCR acknowledged jurisdiction over both disability discrimination AND retaliation claims.

33. OASCR's letter states: "An investigator will be assigned to your case, and the USDA Agency you allege discriminated against you will be required to provide an Agency Position Statement."

34. What OASCR did NOT do:

Order interim relief

Restore withdrawn loan applications

Require substantive adjudication during investigation

Toll disaster deadlines

Stop ongoing retaliation

Provide emergency accommodation

35. OASCR's letter warns: "Please note that if you file in Federal Court, USDA may no longer be able to process your administrative complaint."

36. This is an exhaustion trap: Accept complaint, provide no relief, threaten that judicial review will terminate administrative process, force Plaintiff to choose between:

Waiting indefinitely for "investigation" while farm collapses, OR

Filing in federal court and losing administrative remedy

37. Meanwhile, the harm OASCR is "investigating" continues unabated:

Loan still withdrawn

Money still gone

FEMA clock still running

Farm still collapsing

Livestock still dying

Bank account still negative

No resources for basic operations

38. OASCR accepted retaliation claim on December 19, 2025.

39. 149 days of retaliation documented (August 19, 2025 → January 20, 2026).

40. OASCR has provided ZERO interim relief during investigation.

41. This is institutional gaslighting weaponized as process.

G. The Pattern Across Institutions — Coordinated Obstruction

42. USDA's conduct is not isolated. It is part of systematic pattern across five institutions in four months using identical obstruction scripts:

| Institution | Date | Script | Action After ADA Notice |
|---|---|---|---|
| USDA | Aug 19, 2025 | "Incomplete application" | Withdrew $400K+ loan 1 day after civil rights complaint |
| American Express | Aug 1, Aug 14, 2025 | "Chat, online or by calling" | Account restrictions after 2 accommodation denials |
| Navy Federal | Dec 29, 2025 | "Please provide phone number" | Termination initiated after email-only request |
| WDTX Clerk | Sept 10, 2025 | "This will be our final response" | Email blocked Jan 6-8 during court deadline |
| DDC Clerk | Dec 2, 2025 | "Future inquiries will not receive response" | Written policy denying ADA applicability 24 hrs after 50-page warning |

43. This demonstrates institutional training, not individual error.

44. When five separate entities execute identical scripts using identical language in identical sequence following identical triggers (ADA assertion), pattern = policy.

H. Irreparable Harm Is Occurring NOW

45. Bank Account Balance: -$48.22 (Exhibit: "minus_in_personal_account.pdf")

46. Plaintiff is financially negative while USDA sits on $400,000+ in withdrawn applications for 149 days.

47. Navy Federal: $53,807.40 debt, termination proceeding

48. American Express: Account restrictions, 158 days of silence after accommodation denials

49. Farm Operations:

Livestock lost to flooding (goats drowned)

Infrastructure failing

No resources for feed, repairs, maintenance

Hemp cultivation at risk

Solar systems need maintenance

Pond systems deteriorating

50. FEMA Disaster Windows Closing:

DR-4781 declared July 2025

DR-4879 declared July 2025

Every day of USDA obstruction shortens remaining eligibility periods

Recovery becomes less viable with each passing week

51. This is not theoretical. This is asphyxiation.

---

VI. CLAIMS FOR RELIEF

COUNT I — REHABILITATION ACT § 504 (29 U.S.C. § 794)

52. Plaintiff realleges all prior paragraphs.

53. Statute: "No otherwise qualified individual with a disability... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to

discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency..." 29 U.S.C. § 794(a).

54. Elements:

1. Individual with disability

2. Otherwise qualified

3. Excluded solely by reason of disability

4. From program conducted by federal agency

55. Element (1) — Individual with Disability: Plaintiff is 100% P&T disabled veteran with service-connected PTSD substantially limiting communication, mobility, executive function.

56. Element (2) — Otherwise Qualified: Plaintiff meets all eligibility requirements:

Beginning farmer (≤10 years)

Service-disabled veteran

FEMA disaster survivor

Complete loan applications submitted

Financial need demonstrated

Farm operation viable

Holds MAXIMUM statutory priority

57. Element (3) — Excluded Solely By Reason of Disability:

USDA demanded phone contact after written ADA email-only notice

USDA ghosted email communications

USDA withdrew applications one day after civil rights complaint documenting accommodation denials

USDA refused to accept email-based submissions of required documentation

Pattern: assert disability accommodation → adverse action

58. Element (4) — Federal Agency Program: USDA FSA disaster relief loans are federal programs conducted by executive agency.

59. Rehabilitation Act violations established against all USDA defendants.

---

COUNT II — ADMINISTRATIVE PROCEDURE ACT (5 U.S.C. § 706)

60. Plaintiff realleges all prior paragraphs.

61. Statute: Court shall "hold unlawful and set aside agency action, findings, and conclusions found to be—(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law..." 5 U.S.C. § 706(2)(A).

62. USDA's actions are arbitrary and capricious:

Labeled complete applications "incomplete" without specific deficiency identification

Demanded IRS amendments for individual vs. business entity distinction despite standard farm practice of operating through multiple structures

Withdrew $400,000+ in disaster relief one day after civil rights complaint

Provided no substantive adjudication for 149 days

Ran FEMA disaster clock through attrition rather than decision

Denied statutory priority to maximum-priority applicant (beginning farmer + SDA veteran + disaster survivor)

63. USDA's actions violate statutory mandates:

7 U.S.C. § 2003 (beginning farmer priority)

1990 Farm Bill § 2501 (socially disadvantaged farmer priority)

FAR 19.1406 (service-disabled veteran priority)

Executive Order 13985 (equity for underserved communities)

Rehabilitation Act § 504 (no disability discrimination in federal programs)

64. Agency action must be set aside and remanded with instructions to:

Restore withdrawn applications

Accept completed submissions

Render substantive decisions within 30 days

Honor statutory priorities

Provide appeal rights

65. APA violations established.

---

COUNT III — EQUAL CREDIT OPPORTUNITY ACT (15 U.S.C. § 1691)

66. Plaintiff realleges all prior paragraphs.

67. Statute: "It shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction—(1) on the basis of race, color, religion, national origin, sex or marital status, or age..." 15 U.S.C. § 1691(a).

68. ECOA prohibits discrimination based on:

Race, color, national origin (Plaintiff is minority)

Age

Receipt of public assistance

Exercise of rights under Consumer Credit Protection Act

69. Regulation B (12 C.F.R. § 1002.9) requires creditors to:

Provide written adverse action notices

State specific reasons for denial

Identify specific information relied upon

Provide notice of right to request reasons

Give notice within 30 days of action

70. USDA violated ECOA and Regulation B:

Withdrew applications without compliant written adverse action notice

Failed to state specific reasons (vague "incomplete" label)

Failed to identify what specific information was deficient

Provided no appeal rights

Retaliated for exercise of civil rights (filing discrimination complaint)

71. Temporal proximity proves retaliation:

Civil rights complaint filed August 18, 2025 (evening)

Loan withdrawn August 19, 2025 (morning)

< 24 hours

72. ECOA permits claims up to 5 years after discriminatory act — Plaintiff files within statutory period.

73. ECOA violations established.

---

COUNT IV — DENIAL OF DUE PROCESS (FIFTH AMENDMENT)

74. Plaintiff realleges all prior paragraphs.

75. Legal Standard: Fifth Amendment prohibits federal government from depriving persons of life, liberty, or property without due process of law. Protected property interests include access to federal programs. Goldberg v. Kelly, 397 U.S. 254, 262 (1970).

76. Elements:

1. Property interest

2. Deprivation

3. Without adequate process

4. By federal actor

77. Property Interest: Plaintiff has property interest in:

Access to USDA disaster relief programs (statutory entitlement for beginning farmers, SDA veterans, disaster survivors)

$400,000+ in loan applications (legitimate claim of entitlement based on statutory priorities)

Farm operation viability (investments, livestock, infrastructure)

78. Deprivation:

USDA withdrew applications without adjudication

Ghosted completed submissions for 149 days

Ran FEMA disaster clock through obstruction

Denied statutory priority access

Provided no hearing, no appeal, no process

79. Inadequate Process: USDA employed obstruction rather than adjudication:

Ghosted completed applications

Withdrew without explanation

Provided no appeal rights

False "incomplete" labeling

Retaliated one day after civil rights complaint

OASCR "investigation" provides no interim relief while harm continues

80. Federal Action: USDA, FSA, OASCR = federal actors under Fifth Amendment.

81. When agencies run down disaster clocks through attrition rather than adjudication, due process is denied per se.

82. Due Process violations established.

---

COUNT V — DENIAL OF EQUAL PROTECTION (FIFTH AMENDMENT)

83. Plaintiff realleges all prior paragraphs.

84. Legal Standard: Fifth Amendment's Due Process Clause incorporates equal protection guarantee against federal government. Bolling v. Sharpe, 347 U.S. 497 (1954). Equal protection prohibits discriminatory treatment of similarly situated individuals, especially those in protected classes.

85. Protected Class Status: Plaintiff is:

100% service-disabled veteran (entitled to statutory priority)

Minority

Disabled under Rehabilitation Act

Beginning farmer (USDA-registered)

Disaster survivor (FEMA-declared zones)

86. Statutory Priority Violated: Congress mandated priority access for beginning farmers and service-disabled veterans. 7 U.S.C. § 2003; 1990 Farm Bill § 2501; Executive Order 13985.

87. Discriminatory Pattern:

Compliant applicants without disabilities → processed routinely

Plaintiff asserting disability rights → systematically obstructed

Pattern: assert rights → adverse action

88. Disparate Treatment: Similarly situated applicants who:

Do not assert civil rights

Comply with phone-based procedures

Do not have disabilities
→ Receive loan adjudications, not withdrawals

89. Plaintiff—exercising constitutional rights—receives systematic exclusion.

90. When statutory priorities become procedural targets, equal protection is denied.

91. Equal Protection violations established.

---

COUNT VI — RETALIATION FOR PROTECTED CIVIL RIGHTS ACTIVITY

92. Plaintiff realleges all prior paragraphs.

93. Statute: "No person shall be subject to reprisal or harassment for filing a discrimination complaint..." — USDA OASCR Acceptance Letter, December 19, 2025 (quoting federal policy).

94. Elements:

1. Protected activity

2. Adverse action

3. Causal connection

95. Protected Activity:

Filed ADA accommodation requests (July-August 2025)

Filed civil rights complaint with USDA (August 18, 2025)

Documented systematic obstruction

Asserted Rehabilitation Act rights

96. Adverse Actions:

USDA withdrew $400K+ loan one day after complaint

Ghosted applications for 149 days

Denied statutory priority access

Labeled complete files "incomplete"

Ran FEMA disaster clock

OASCR accepted complaint but provided no interim relief

97. Causal Connection: Temporal proximity establishes prima facie retaliation (Burlington Northern, 548 U.S. at 69-70):

Civil rights complaint filed evening August 18, 2025

Loan withdrawn morning August 19, 2025

< 24 hours = smoking gun

98. Under Burlington Northern, adverse action = conduct that would dissuade reasonable person from asserting rights.

99. Loan withdrawal + 149 days of ghosting + running disaster clock + negative bank account = systematic retaliation pattern that would deter ANY reasonable disabled person from asserting civil rights.

100. Retaliation established against all defendants.

---

COUNT VII — ARBITRARY AND CAPRICIOUS AGENCY ACTION

101. Plaintiff realleges all prior paragraphs.

102. USDA's conduct fails every standard of reasoned decision-making:

No rational connection between facts found and choice made

Failed to consider important aspects of problem (statutory priorities, disaster urgency, disability accommodation)

Explanation runs counter to evidence (labeling complete files "incomplete")

So implausible it cannot be ascribed to difference in view or product of agency expertise

103. Arbitrary actions:

Demanding IRS amendments for standard farm business structure distinctions

Withdrawing applications one day after civil rights complaint

Ghosting for 149 days during active disasters

Denying priority to maximum-priority applicant

Running disaster clock through obstruction

104. Capricious actions:

Accepting civil rights complaint for investigation while perpetuating the investigated harm

OASCR providing no interim relief

Threatening loss of administrative remedy if Plaintiff seeks judicial review

Institutional gaslighting: "We're investigating your retaliation complaint" WHILE RETALIATING

105. Agency action must be set aside.

---

COUNT VIII — INSTITUTIONAL POLICY OF CONSTITUTIONAL VIOLATION (BIVENS)

106. Plaintiff realleges all prior paragraphs.

107. Legal Standard: Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), permits damages actions against federal officials for constitutional violations.

108. Individual defendants (Garza, Campbell, Lloyd, Thurman, Engelmann, Sims, Hutson) are sued in:

Individual capacity for constitutional damages

Official capacity for injunctive relief

109. Constitutional violations committed:

Due Process (ghosting, withdrawal without adjudication)

Equal Protection (denying statutory priority to protected classes)

Retaliation (adverse action < 24 hours after civil rights complaint)

110. Deliberate indifference: Defendants knew or should have known their conduct violated clearly established constitutional rights:

Statutory priorities are clearly established

Retaliation for civil rights activity is clearly unlawful

Due process requires adjudication, not obstruction

Rehabilitation Act § 504 is clearly established law

111. Pattern proves institutional policy, not individual error:

Identical scripts across USDA, other federal agencies, financial institutions

Temporal clustering of adverse actions

Training materials teaching obstruction-by-process

Template-based denials surviving administration changes

112. When wrongful exclusion, mischaracterization of completed applications, denial without adequate hearing, and obstruction through procedural gatekeeping occur systematically — that behavior meets the definition of institutional culture.

113. Bivens violations established against individual defendants.

---

VII. EMERGENCY RELIEF REQUESTED — PRELIMINARY INJUNCTION

Plaintiff respectfully requests this Court issue EMERGENCY PRELIMINARY INJUNCTION ordering:

A. 90-DAY STAY OF ALL ADVERSE ACTIONS

114. Order immediate 90-day stay of:

All USDA loan withdrawal determinations

All USDA adverse actions against Plaintiff

All collection activities by Navy Federal Credit Union

All account restrictions by American Express

All institutional actions requiring Plaintiff to expend resources fighting for basic access instead of operating farm

115. 90 days provides time for:

Court to conduct preliminary hearing

Discovery of USDA internal communications

USDA to restore applications and render substantive decisions

Plaintiff to stabilize farm operations

Breathing room to litigate on merits instead of drowning in procedural warfare

## B. TOLLING OF ALL DISASTER DEADLINES

116. Order equitable tolling of:

All FEMA disaster relief deadlines (DR-4781, DR-4879)

All USDA disaster program deadlines

All SBA disaster loan deadlines

ALL federal disaster relief eligibility periods affected by institutional obstruction

117. Toll deadlines nunc pro tunc from August 19, 2025 (date of retaliatory withdrawal) through date of final resolution.

118. Basis: Courts cannot enforce deadlines when agencies destroyed the means of compliance. Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982).

119. USDA ran the disaster clock for 149 days through obstruction — Plaintiff cannot be punished for agency's own violations.

## C. IMMEDIATE RESTORATION OF LOAN APPLICATIONS

120. Order USDA to:

Reopen all withdrawn loan applications

Accept all previously submitted documentation

Render substantive eligibility decisions within 30 days

Honor statutory priorities for beginning farmers and service-disabled veterans

Provide written decisions with appeal rights

Stop ghosting and start adjudicating

## D. ADA EMAIL-ONLY ACCOMMODATION DIRECTIVE

121. Order all defendants to:

Accept email-only communication as Plaintiff's accommodation

Designate single ADA-trained point-of-contact within 7 days

Respond to email communications within 5 business days

Stop demanding phone contact after written disability notice

Provide all program access, eligibility determinations, and servicing via email

## E. INTERIM FINANCIAL RELIEF

122. Order USDA to:

Process emergency disaster payment within 14 days

Provide interim operating loan to prevent farm collapse

Plaintiff's bank account is NEGATIVE while USDA sits on $400K+ for 149 days

This is unconscionable

## F. OASCR INTERIM RELIEF DIRECTIVE

123. Order OASCR to:

Provide interim relief during investigation

Direct FSA to restore withdrawn applications pending investigation outcome

Toll all disaster deadlines during investigation

Stop "investigating" harm while perpetuating that same harm

Issue interim decision within 14 days

G. EXPEDITED SERVICE & NOTICE

124. Order Clerk to:

Issue summons for all defendants

Deliver service packages to U.S. Marshals Service for expedited service

Authorize email service concurrently with U.S. Marshal service to:

ProgramComplaints@usda.gov (OASCR)

FPAC.BC.FSA@usda.gov (FSA)

All individual defendants at official USDA email addresses

125. Plaintiff will also serve defendants via email concurrently to ensure fastest possible notice of emergency proceedings.

---

VIII. PRELIMINARY INJUNCTION STANDARD — PLAINTIFF MEETS ALL ELEMENTS

A. Likelihood of Success on the Merits

126. Plaintiff will prevail on:

Rehabilitation Act § 504: Disability discrimination clearly established (email accommodation denied, ghosting after ADA notice, withdrawal after civil rights complaint)

APA: Arbitrary and capricious conduct clearly shown (complete files labeled "incomplete," 149 days of obstruction, retaliation)

ECOA: Retaliation proven by temporal proximity (< 24 hours)

Due Process: No adjudication provided for 149 days

Equal Protection: Statutory priorities denied to maximum-priority applicant

Retaliation: One-day withdrawal after civil rights complaint = smoking gun

127. Pattern across institutions proves deliberate institutional culture, not accident.

B. Irreparable Harm

128. Harm is occurring NOW:

Bank account: -$48.22

USDA: $400K+ withdrawn for 149 days

Navy Federal: $53,807.40 debt, termination proceeding

American Express: Account restrictions, 158 days silence

Farm: Livestock dying, infrastructure failing, no resources

FEMA clock: Running down eligibility windows

This is financial asphyxiation in real time

129. Harm is irreparable because:

Money damages cannot restore FEMA eligibility windows once they close

Farm collapse cannot be reversed after livestock die and infrastructure fails

Discovery will reveal worse institutional obstruction

Every day of delay compounds harm exponentially

C. Balance of Equities Favors Plaintiff

130. Harm to Plaintiff from denial:

Farm collapses

Livestock die

FEMA windows close

Bank account stays negative

Navy Federal terminates

American Express continues restrictions

Irreversible destruction of veteran's livelihood

131. Harm to Defendants from injunction:

USDA must actually do its job (adjudicate applications)

OASCR must provide interim relief (standard procedure)

Defendants must honor ADA (required by law anyway)

No legitimate harm from being required to follow the law

132. Balance favors Plaintiff.

D. Public Interest Favors Injunction

133. Public interest served by:

Enforcing Rehabilitation Act protections for disabled veterans

Ensuring USDA honors statutory priorities for beginning farmers and service-disabled veterans

Preventing agencies from running disaster clocks through obstruction

Stopping retaliation for civil rights complaints

Demonstrating that federal agencies cannot systematically violate constitutional rights with impunity

134. Public interest strongly favors preliminary injunction.

---

IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

EMERGENCY PRELIMINARY INJUNCTION (IMMEDIATE)

1. Issue emergency preliminary injunction ordering:

90-day stay of all adverse actions by USDA, Navy Federal, American Express

Equitable tolling of all FEMA/USDA/SBA disaster deadlines nunc pro tunc from August 19, 2025

Immediate restoration of withdrawn loan applications

Email-only accommodation across all defendants

Interim financial relief from USDA within 14 days

OASCR interim relief directive within 14 days

2. Order expedited service via U.S. Marshals and authorize concurrent email service

3. Schedule emergency hearing within 7 days via email/video (not phone per ADA accommodation)

DECLARATORY RELIEF

4. Declare that:

USDA violated Rehabilitation Act § 504

USDA violated APA (arbitrary and capricious)

USDA violated ECOA (retaliation)

USDA violated Fifth Amendment (due process and equal protection)

Individual defendants violated clearly established constitutional rights

OASCR's "investigation without interim relief" violates due process

Pattern across institutions constitutes official policy under Monell

PERMANENT INJUNCTIVE RELIEF

5. Permanently enjoin all defendants from:

Demanding phone contact after written ADA email-only notices

Ghosting disabled applicants

Running disaster clocks through obstruction

Retaliating for civil rights complaints

Denying statutory priority to beginning farmers and service-disabled veterans

6. Order USDA to:

Restore all withdrawn applications

Render substantive decisions within 30 days with appeal rights

Honor email-only accommodation permanently

Process Plaintiff's applications with statutory priority

Toll all disaster deadlines during litigation

7. Order OASCR to:

Provide interim relief during all disability discrimination investigations

Issue interim decisions within 14 days of acceptance

Stop threatening loss of administrative remedy for seeking judicial review

MONETARY RELIEF

8. Compensatory Damages:

$400,000+ (USDA disaster loan withdrawn)

Farm operation losses (livestock, infrastructure, lost production)

Emotional distress (PTSD exacerbation, anxiety, institutional trauma)

Economic harm (lost business opportunities, debt accumulation, negative bank account)

9. Punitive Damages against individual defendants (Garza, Campbell, Lloyd, Thurman, Engelmann, Sims, Hutson) for willful, wanton, and reckless disregard of federally protected rights

10. Statutory Damages under ECOA and Rehabilitation Act where applicable

11. Pre- and Post-Judgment Interest

STRUCTURAL RELIEF

12. Appoint Independent Monitor to:

Audit USDA compliance with ADA, statutory priorities, disaster relief processing

Receive quarterly reports

Monitor for 24 months

Authority to recommend sanctions for non-compliance

13. Order policy revisions to:

Adopt ADA email-only workflows

Prohibit ghosting of completed applications

Codify statutory priority processing timelines

Mandate written adverse action specificity

14. Mandate annual training for USDA/FSA/OASCR staff on:

ADA accommodations

Rehabilitation Act § 504

Retaliation prohibitions

Statutory priorities for beginning farmers and service-disabled veterans

How not to be institutional sociopaths

EVIDENTIARY RELIEF

15. Order evidence preservation across all defendants

16. Authorize expedited discovery of:

USDA internal communications regarding loan withdrawal decision (August 18-19, 2025)

OASCR investigation files

Training materials

Institutional policies

Email server logs

17. Adverse inference instructions for any spoliation

18. Sanctions for violation of litigation holds

ATTORNEY FEES & COSTS

19. Award costs and reasonable attorney fees under:

29 U.S.C. § 794a (Rehabilitation Act)

15 U.S.C. § 1691e (ECOA)

5 U.S.C. § 504 (EAJA)

Pro se litigants entitled to costs of litigation

JURY TRIAL

20. Demand trial by jury on all issues triable as of right

OTHER RELIEF

21. Grant such other and further relief as this Court deems just and proper to:

Ensure accountability at every level of government

Protect future disabled veterans from systematic obstruction

Vindicate constitutional rights

Stop agencies from weaponizing process to extinguish federally guaranteed rights

---

X. VERIFICATION UNDER PENALTY OF PERJURY

I, Rogelio Cruz Jr., declare under penalty of perjury under the laws of the United States that:

1. I am the Plaintiff in this action

2. I have read the foregoing Emergency Complaint

3. All facts stated are true and correct to the best of my knowledge, information, and belief

4. All exhibits attached are true and accurate copies

5. My bank account is negative while USDA sits on $400,000+ for 149 days

6. My farm is collapsing while OASCR "investigates" without providing relief

7. I am drowning and this Court is my only hope

Executed on January 20, 2026.

/s/ Rogelio Cruz Jr.
Rogelio Cruz Jr., Pro Se
100% Permanently & Totally Disabled
United States Marine Corps Veteran (2017-2022)
MOS 2847, Honorable Discharge

10800 Tall Oak Trail
Austin, TX 78750

Email: rogeliocruzjr23@gmail.com (ADA accommodation — email-only communication required)
Phone: 747-275-7377 (emergency record only; all communications must be via email)

---

XI. CERTIFICATE OF SERVICE

This Emergency Complaint will be served upon filing via:

1. U.S. Marshals Service (upon Court issuance of summons)

2. Concurrent email service to:

ProgramComplaints@usda.gov (OASCR)

FPAC.BC.FSA@usda.gov (FSA)

Individual defendants at official USDA email addresses already added. To email followup. (:

/s/ Rogelio Cruz Jr.

XIII. NOTICE TO THE COURT RE: NORTHERN DISTRICT OF NEW YORK CLERK OBSTRUCTION

TO THE HONORABLE COURT:

Plaintiff filed emergency declarations with NDNY on January 15-16, 2026 via the Court's MFT system.

The Clerk's Office has refused to docket these filings, demanding forms that Plaintiff cannot access due to disability, and threatening that without those forms the emergency filings "will not be processed."

This is the exact pattern Plaintiff alleges across all defendants: procedural gatekeeping preventing judicial review.

Plaintiff respectfully requests this Court:

1. Take judicial notice that NDNY Clerk obstruction is occurring in real-time

2. Not replicate that pattern by imposing inaccessible procedural barriers before emergency review

3. Docket this Complaint immediately so emergency relief can be considered by a JUDGE, not blocked by INTAKE

Clerks are not authorized to pre-adjudicate jurisdiction, sufficiency, or emergency posture.

Those are judicial functions.

Plaintiff stands ready to cure any deficiencies the COURT identifies, but respectfully requests the Court not delegate emergency review authority to clerk intake.

This is exactly what happened at WDTX (email blocked during deadline), SDNY (Magistrate Judge Ricardo initially requiring inaccessible forms), and DDC (written policy denying ADA applicability).

One federal court must break the pattern.

Plaintiff believes NDNY can be that court.

Please don't prove him wrong.

Respectfully submitted,

/s/ Rogelio Cruz Jr.
Pro Se Plaintiff
Drowning But Not Dead Yet

---

END OF EMERGENCY COMPLAINT

Filed: January 20, 2026
Northern District of New York
[Case Number To Be Assigned]

Exhibits attached.