**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **ROGELIO CRUZ, JR.,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | No.  1:26-CV-00188-DAE |
| | § | |
| **UNITED STATES DEPARTMENT** | § | |
| **OF AGRICULTURE, ET AL.,** | § | |
| *Defendants* | § | |

**ORDER AND REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE DAVID A. EZRA
       SENIOR UNITED STATES DISTRICT JUDGE

The undersigned submits this report and recommendation to the United States

District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local

Court Rules of the United States District Court for the Western District of Texas,

Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff Rogelio Cruz, Jr.'s application to proceed *in forma*

*pauperis*. Dkt. 2. Because Cruz is requesting permission to proceed *in forma pauperis*,

the undersigned must review and make a recommendation on the merits of his claims

pursuant to 28 U.S.C. § 1915(e).[1]

## I.       REQUEST TO PROCEED *IN FORMA PAUPERIS*

The Court has reviewed Cruz's financial affidavit and determined Cruz is

indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the

---

[1] Cruz's case was transferred from the Northern District of New York. Dkt. 6. Accordingly, the Court will deny Cruz's motion for "protective order, status certification, and mandatory injunction prior to transfer" as moot. Dkt. 5.

Court hereby GRANTS Cruz's request for *in forma pauperis* status, Dkt. 2. The Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Cruz is further advised that, although he has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and is recommending Cruz's Rehabilitation Act ("RA"), Equal Credit Opportunity Act ("ECOA"), *Bivens*, due-process, and equal-protection claims be dismissed under 28 U.S.C. § 1915(e) but that Cruz's Administrative Procedure Act ("APA") claims be allowed to proceed. Therefore, service of Cruz's RA, ECOA, *Bivens*, due-process, and equal-protection claims should be withheld pending the District Judge's review of the recommendations made in this report. If the District Judge declines to adopt the recommendations, then service should be issued at that time upon Defendants as to those claims. Service of Cruz's APA claims on the non-individual Defendants and the individual Defendants in their official capacities may proceed at this time.

## II.    REVIEW OF THE MERITS OF THE CLAIM

Because Cruz has been granted leave to proceed *in forma pauperis*, the undersigned is required by statute to review the Complaint. Section 1915(e)(2)

2

provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hou. N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Cruz complains that the United States Department of Agriculture ("USDA") withdrew one of his disaster-relief loan applications in retaliation for Cruz's filing an internal civil-rights complaint against the agency for disability discrimination. Dkt. 1, at 10-12. According to Cruz, USDA withdrew the application one day after Cruz filed the formal complaint. *Id.* at 12. Based on these allegations, Cruz sues USDA, the USDA's Office of the Assistant Secretary for Civil Rights, the Farm Service Agency, and various individual defendants associated with those federal agencies

(collectively, "Defendants")[2] under Section 504 of the RA, the APA, the ECOA, and *Bivens*. Dkt. 1, at 1. He also brings claims for violations of his due-process and equal-protection rights under the Fifth Amendment. *Id.*[3]

Cruz's RA discrimination claim should be dismissed. To assert a claim under Section 504 of the RA, a plaintiff must allege: (1) he is a qualified individual with a disability; (2) he has been subjected to discrimination solely because of his disability; and (3) the program at issue receives federal financial assistance. *Melton v. Dall. Area Rapid Transit*, 391 F.3d 669, 671 (5th Cir. 2004). A plaintiff must provide facts, more than the mere possibility, to support the allegation that the defendant discriminated based on a disability. *Id.* While Cruz states he was discriminated against "solely by reason of disability," Dkt. 1, at 18, Cruz's complaint is replete with statements that his loan application was denied on other bases, including his race, color, and national origin, *id.* at 21. Because Cruz fails to allege he was terminated solely because of an alleged disability, his RA discrimination claim fails. *Longoria v. Via Metro. Transit*, No. SA-21-CV-01171-JKP, 2022 WL 1445396, at *12 (W.D. Tex. May 6, 2022) (dismissing RA claim because plaintiff's complaint

---

[2] The undersigned will also refer to USDA, the USDA's Office of the Assistant Secretary for Civil Rights, and the Farm Service Agency as "non-individual Defendants." The remaining defendants will be referred to as "individual Defendants."

[3] Cruz attaches to his complaint an "emergency declaration" in which he names the Austin Division of the Western District of Texas, the Southern District of New York, and American Express Company as defendants in the caption. Dkt. 1-1. Because those entities are not named in Cruz's complaint, Dkt. 1, they are not defendants. *Est. of Brandon Alex through Coker v. T-Mobile US, Inc.*, No. 3:17-cv-2622-M, 2018 WL 993784, at *3 n.2 (N.D. Tex. Feb. 21, 2018) (stating because the City of Dallas was not listed in the title of the amended complaint, it was not "properly a party" to the case). The Clerk of the Court **SHALL REMOVE** the Austin Division of the Western District of Texas, the Southern District of New York, and American Express Company from the docket.

alleged his employment was terminated based on his race, his need for medical leave, and his participation in a protected activity).

Cruz's retaliation claim should be dismissed.[4] To state a retaliation claim under the RA, Cruz must show (1) he engaged in an activity protected by the RA; (2) Defendants took an adverse action against him; and (3) a causal connection existed between the adverse action and the protected activity. *Grodman v. Tex. Tech. Univ. Health Scis. Ctr.*, No. 5:23-CV-210-H, 2025 WL 3755313, at *13 (N.D. Tex. Dec. 29, 2025) (citing *Calderon v. Potter*, 113 F. App'x 586, 592 (5th Cir. 2004)) (applying the test in an employment-discrimination case).

Assuming Cruz can satisfy the first two elements, his retaliation claim fails on the third. The basis of Cruz's retaliation claim is that Defendants withdrew his loan application one day after he submitted a civil rights complaint. Dkt. 1, at 12. But Cruz's allegations and evidence demonstrate that Cruz filed his complaint on July 17, 2025. *Id.* at 12; Dkt. 1-27, at 1. Cruz *consented* to the withdrawal of one of his applications the next day. Dkts. 1-9, at 5; 1-20, at 13, 16. Cruz's remaining application was not denied until August 19, 2025, after Cruz failed to submit required materials. Dkt. 1-25, at 7. Therefore, Cruz's exhibits demonstrate that there was no causal connection between his complaint and the withdrawal of his loan application. *See Grodman*, 2025 WL 3755313, at *13; *Quadvest, LP v. San Jacinto River Auth.*, 7 F.4th 337, 345 (5th Cir. 2021) ("When, as here, the complaint attaches written exhibits, the

---

[4] Though Cruz does not explicitly state that his retaliation claim arises under the RA, the undersigned presumes Cruz meant to bring his retaliation claim under the RA because he states he engaged in "protected activity" by "[a]ssert[ing] Rehabilitation Act rights." Dkt. 1, at 26.

exhibits are considered a part of the pleading for all purposes. If an attached exhibit contradicts a factual allegation in the complaint, then indeed the exhibit and not the allegation controls." (internal citations and quotations omitted)). Cruz's RA retaliation claim should be dismissed.

Cruz's ECOA claim should be dismissed. The ECOA prohibits creditors from discriminating against applicants based on "race, color, religion, national origin, sex or marital status, or age[.]" 15 U.S.C. § 1691(a)(1). Cruz fails to allege he was discriminated against based on his membership in any class protected by the ECOA. First, disability is not a protected class under the ECOA. *Id.*; *Saragusa v. Countrywide*, No. 14-2717, 2016 WL 1059004, at *3 (E.D. La. Mar. 17, 2016). Cruz's allegations that he was discriminated against based on his disability therefore cannot support a claim under the ECOA. Next, while Cruz states he "is minority," he alleges no facts suggesting that Defendants discriminated against him based on his race, color, or national origin. *See* Dkt. 1, at 21, 3 (alleging disability discrimination), 11 (alleging disability accommodation denials), 14 (describing internal complaint for disability discrimination); 18 (alleging denial of the loan "solely by reason of disability"). Because Cruz does not allege Defendants discriminated against him because of his membership in any class protected under the ECOA, the District Judge should dismiss Cruz's ECOA claim.

Cruz's due-process claim should be dismissed. "The 'threshold requirement of any due process claim is the government's deprivation of a plaintiff's liberty or property interest.'" *Kinetica Partners, LLC v. U.S. Dep't of the Interior*, 505 F. Supp.

6

3d 653, 676 (S.D. Tex. 2020) (quoting *DePree v. Saunders*, 588 F.3d 282, 289 (5th Cir. 2009), *abrogated on other grounds by Sims v. City of Madisonville*, 894 F.3d 632 (5th Cir. 2018)). The "'mere existence of a governmental program or authority empowered to grant a particular type of benefit to one such as the plaintiff does not give the plaintiff a property right, protected by the due process clause, to receive the benefit, absent some legitimate claim of *entitlement*—arising from statute, regulation, contract, or the like—to the benefit.'" *Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 735 (5th Cir. 2008) (emphasis original) (quoting *Blackburn v. City of Marshall*, 42 F.3d 925, 941 (5th Cir. 1995)). "'[D]iscretionary statutes do not give rise to constitutionally protectable interests.'" *Machete Prods., LLC v. Page*, 809 F.3d 281, 290 (5th Cir. 2015) (quoting *Baldwin v. Daniels*, 250 F.3d 943, 946 (5th Cir. 2001)).

Cruz suggests that certain statutes and regulations entitle him to USDA loans, *see* Dkt. 1, at 6, 20, 23, but none of these provisions contain "explicitly mandatory language" requiring that Cruz receive any loan. *See Ridgely*, 512 F.3d at 735-36 (noting courts look for "specific directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow"); 7 U.S.C. § 2003 (setting target participation rates on a county-wide basis); 48 C.F.R. § 19.1406 (requiring a contracting officer to consider contract award to a service-disabled veteran-owned small business before considering small business set-asides); Food, Agriculture, Conservation, and Trade Act, Pub. L. No. 101-624, § 2501, 104 Stat. 3359 (1990) (requiring the Secretary of Agriculture to provide outreach and assistance to encourage socially disadvantaged farmers, and that the Secretary *may* make grants

and enter into contracts in furtherance of this goal); Exec. Order No. 13,985, 86 Fed. Reg. 7009 (Jan. 25, 2021), *revoked by* Exec. Order No. 14,148, 90 Fed. Reg. 8237 (Jan. 20, 2025). Additionally, regulations governing farm loan approval do not provide specific directives related to an applicant's disability, minority, or veteran status. *See* 7 C.F.R. §§ 764.101 (setting out general eligibility requirements); 764.352 (setting out eligibility requirements for emergency loans); 764.401 (stating farm loans will be approved if the applicant presents a feasible plan, an authorized proposed use, and the applicant has been determined eligible for the loan requested, among other requirements). Because none of these provisions gives Cruz a property right in a discretionary loan he has not yet received, his due-process claim should be dismissed.

Cruz's equal-protection claim should be dismissed. To state an equal-protection claim, Cruz must allege that (1) he was treated differently than persons similarly situated to him, and (2) that such treatment stemmed from discriminatory intent. *Butts v. Martin*, 877 F.3d 571, 590 (5th Cir. 2017). To allege he has been treated differently from others similarly situated, Cruz must "point to [a] specific person or person and provide[] [] specifics as to their violations." *Rountree v. Dyson*, 892 F.3d 681, 685 (5th Cir. 2018); *see id.* ("Fifth Amendment equal protection claims against federal actors are analyzed under the same standards as Fourteenth Amendment equal protection claims against state actors"). Cruz fails to do so. His unsupported and unspecific statements that "[c]ompliant applicants without disabilities" were "processed routinely" and that "similarly situated applicants" without disabilities

8

received loan adjudications, Dkt. 1, at 25, do not identify a specific person treated differently from him and therefore cannot support an equal-protection claim.

Even assuming Cruz alleged any constitutional violation,[5] Cruz's *Bivens* claims against the individual Defendants should be dismissed. Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), a person may sue a federal agent in his or her individual capacity for money damages when the federal agent has allegedly violated that person's constitutional rights. *Knaust v. Digesualdo*, 589 F. App'x 698, 700 (5th Cir. 2014). Cruz includes brief, generalized allegations that the individual Defendants violated his due-process and equal-protection rights as well as retaliated against him for filing a civil-rights complaint. Dkt. 1, at 29 (listing "ghosting," "withdrawal without accusation," and "denying statutory priority"). But Cruz does not allege with particularity any facts describing how each individual government defendant violated Cruz's rights. *See Knaust*, 589 F. App'x at 701 (dismissing a plaintiff's claim for failing to "allege with particularity facts describing how each individual government defendant, through his or her own actions, violated" plaintiff's rights). Therefore, Cruz's *Bivens* claim should be dismissed.

Finally, because the APA does not provide for individual-capacity claims, the undersigned recommends that the District Judge dismiss Cruz's APA claim against the individual Defendants in their individual capacities. *Munn v. U.S. Dep't of Labor*, No. 1:16CV151-LG-RHW, 2017 WL 627433, at *5 (S.D. Miss. Feb. 15, 2017). The

---

[5] As explained above, the undersigned recommends that the District Judge dismiss Cruz's constitutional claims.

undersigned concludes that Cruz's APA claim against the non-individual Defendants and the individual Defendants in their official capacities should not be dismissed as frivolous at this time.

### III.    ORDER AND RECOMMENDATION

The undersigned hereby **GRANTS** Cruz's application to proceed *in forma pauperis*. Dkt. 2. Because the undersigned finds that Cruz's APA claims should not be dismissed as frivolous at this time as to the non-individual Defendants and the individual Defendants in their official capacities, the Court **ORDERS** the Clerk of the Court to issue summons and the United States Marshal to commence service of process, including service of Cruz's complaint upon the non-individual Defendants and the individual Defendants in their official capacities under Rules 4 and 5 of the Federal Rules of Civil Procedure, as to Cruz's APA claim only.

The undersigned **DENIES** Cruz's motion for relief prior to transfer, Dkt. 5, as **MOOT**.

The undersigned **RECOMMENDS** the District Judge **DISMISS** Cruz's remaining claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

The referral of this case to the Magistrate Judge should now be canceled.

### IV.    WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d

419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED April 30, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE

11